[No. 537. August 24, 1893.]

DEMETRIO PEREZ, AUDITOR OF PUBLIC ACCOUNTS, PLAINTIFF IN ERROR, v. PHILIP J. BARBER, DEFENDANT IN ERROR.

ERROR, WRIT OF—FAILURE TO TAKE EXCEPTIONS BELOW, EFFECT OF— RECORD.—On appeal or writ of error, the appellate court will consider only such questions as were raised below, and passed upon by the trial court, and where the record does not show that a demurrer was filed to any of the pleadings, nor that there were any exceptions taken to the rulings at the trial, nor any motion made for a new trial, nothing is presented for review.

ERROR, from a judgment in favor of plaintiff, to the First Judicial District Court, Santa Fe County. Judgment affirmed.

The opinion states the case.

EDWARD L. BARTLETT, solicitor general, for plaintiff in error.

The resignation of J. Francisco Chavez, superintendent of the penitentiary, being conditional and

qualified, did not take effect until the happening of the condition. Mecham on Public Officers, secs. 409, 414, 415; Edwards v. United States, 103 U. S. 474.

The assistant superintendent was employed by the superintendent and not by the board (Laws, 1889, 167, 168; Laws, 1891, 100); which was the case also with the yard master and foreman of the brick yard. See Id.

They and other employees and officers of the penitentiary were required to perform any duties required of them. Laws, 1889, sec. 38, p. 178; Mecham on Public Officers, sec. 862.

At most the defendant in error was acting as a de facto officer, and as such was not entitled to the compensation of the officer de jure. Mecham on Public Officers, secs. 331, 332.

While by the order of the board the duties of superintendent were imposed upon Bergmann, yet he was in the same position as the relator in this case, and could not claim the compensation of superintendent as he had not been legally employed in that office. See authorities cited supra.

FRANCIS DOWNS for defendant in error.

LEE, J.—This was an action by mandamus, on the part of the plaintiff below, to compel the auditor of public accounts of the territory (the plaintiff in error) to draw a warrant on the treasurer of the territory for the sum of $203.38, in payment of an account allowed by the board of penitentiary commissioners in his favor for services rendered as assistant superintendent of the New Mexico penitentiary during the year 1892. An alternative writ was issued, and a return thereto made, which admitted the allowance of said claim by the board of penitentiary commissioners, but denied their right to so allow it, as during the time that he was acting as assistant superintendent of the penitentiary

he was the regularly appointed and acting yard master and foreman of the brick yard of said penitentiary at a salary of $720 per annum, all of which had been paid to him; and that E. H. Bergmann was the regularly appointed and acting assistant superintendent of such penitentiary at the time, and was entitled to the pay appertaining to such position; and that J. Francisco Chavez was the duly and regularly employed superintendent of such penitentiary during such time, and had qualified by taking the required oath and giving the necessary bond, and had appointed said Bergmann assistant superintendent, and said Barber (defendant in error) as yard master and foreman of the brick yard, which appointments had been confirmed by the board of penitentiary commissioners; and that no successor to said Chavez as superintendent had been employed by said penitentiary board. That he had been always ready to audit and allow the salary of the assistant superintendent to the person entitled thereto, i. e., E. H. Bergmann, but he had never applied for it, but that he did claim the salary of the superintendent, which was also claimed by said J. Francisco Chavez. That he had, in his report to the thirtieth legislative assembly, recited these facts, and had asked for the consideration of the same by that body, but that it failed to act upon it. That while Bergmann was assistant superintendent, regularly employed and appointed as such, he could only draw the salary provided for that position; and while Barber (the defendant in error) was appointed as and employed in the office of foreman of the brick yard and yard master, he could only draw the pay to which that position entitled him, i. e., $720 per annum, instead of the pay of the assistant superintendent, $1,500 per annum, although he had actually performed the duties of that position as well as those of yard master, as under the law he was required to perform any duties which might be imposed upon him, without any

VOL. 7 N. M.—15

additional compensation. Upon the hearing there were no contested questions of fact, the only question being as to the duty of the auditor, under the facts stated in the petition, answer, and stipulation, to draw the warrant for the balance of the salary of the relator for the time he was acting as assistant superintendent.

It is claimed by the relator that under section 35, chapter 76, page 177, of the session laws of 1889, the board of penitentiary commissioners was the sole and exclusive auditor of all claims, and, their certificate being given to the claimant, it was the absolute duty of the auditor to draw his warrant for the amount, and that he had no discretion in the matter, and this view was the one taken by the court below, and its decision was rendered upon that point. In closing a somewhat lengthy opinion in the case the court says: "The auditor has the right to know that the certificate is legal and proper; he can inquire to see if he has paid the claim before, but beyond that he can not go. The action of the board is a finality as far as he is concerned. If they act illegally, that is none of his business, for he is protected by the certificate. The courts were instituted to correct the wrongdoings of legal boards, not the auditor." It is on this ruling of the court that the plaintiff in error, by writ of error, brings the case for review to this court. A question arises whether the record here presents the case in such a manner that the court can pass upon it. The only proceedings in the case properly brought before us by the record are the writ, with certain exhibits, the return of the respondent thereto, and the judgment of the court granting the writ. Mandamus is a civil action, and, with the exceptions of the pleadings, is tried and proceeded with in in the same manner as other civil actions. The writ and the return constitute all the pleadings which shall

WRIT of error: failure to take exceptions below, effect of: record.

be allowed. The conduct of the trial differs in no respect from the trial of any other civil action. The matters charged in the writ, which are denied by the respondent, must be proven by the relator, and matters in avoidance alleged in the return must be proven by the respondent. If the writ does not state sufficient grounds to authorize the court to issue it, the respondent might demur thereto, and thus raise a question of law, which, if overruled by the court, would be such a final judgment as would authorize him to appeal if he desired to do so. In this manner, plaintiff in error here might have raised the question which in this record he attempts to present to the court. In all cases where matters in issue of law and fact are submitted to the court the parties must separate the matters of law from those of fact, and have the opinion of the court upon the points of law. Then it can be seen on what ground the court decided the case. But in this case, if there be any error at all, we can not consider it, because it was not presented to the court below. The statute provides that the supreme court may consider only such questions as were raised below and passed upon by the court; so, if error has been committed, there might be an opportunity to correct it. There were no exceptions taken to any ruling of the court below, no demurrer filed to any of the pleadings, nor was there any motion made for a new trial. We do not think the record before us properly presents any question for our consideration which would justify this court in reversing the judgment of the court below, which judgment is, therefore, ordered affirmed.

O'BRIEN, C. J., and FREEMAN, J., concur.

FALL, J.—I agree that the decision of the court should be affirmed for the reason that the record in the

cause, after granting motion to strike out, as made by defendant in error, presents no cause for reversal.*

* On rehearing, October 31, 1894, judgment was set aside in the above cause, and judgment of lower court reversed. No opinion was filed.